16-6-cr
*United States v. Darren Morris*

# In the
# United States Court of Appeals
## for the Second Circuit

———————

AUGUST TERM 2019

No. 16-6-cr

UNITED STATES OF AMERICA,
*Appellee,*

v.

DARREN MORRIS,

*Defendant-Appellant.*[*]

———————

On Appeal from the United States District Court
for the Southern District of New York

———————

ARGUED: JUNE 25, 2020
DECIDED: MARCH 7, 2023

———————

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

Before:  CABRANES, LOHIER, and MENASHI, *Circuit Judges*.

_____

The question presented is whether we must vacate a defendant's

convictions under 18 U.S.C. § 924(c)(1)(A) because neither is

predicated on a "crime of violence."

In 2014, Defendant-Appellant Darren Morris pled guilty to (1)

using, carrying, and possessing a firearm during an attempted armed

robbery of suspected marijuana dealers ("Count One"); and (2) using,

carrying, possessing, and discharging a firearm during an assault in

aid of racketeering of an individual whom Morris shot and killed

("Count Two").   Both Counts were violations of 18 U.S.C.

§ 924(c)(1)(A), which requires that a defendant use, carry, or possess a

firearm "during and in relation to" or "in furtherance of," as relevant

here, a "crime of violence."   To sustain Morris's § 924(c) convictions,

each Count must contain a predicate "crime of violence."

Morris appeals from the judgment entered by the United States District Court for the Southern District of New York (John F. Keenan, *Judge*) sentencing him principally to 360-months' imprisonment. He argues that neither count contains a predicate "crime of violence" necessary to sustain his § 924(c) convictions.

As to Count One, the parties agree that the predicate crime of violence is attempted Hobbs Act robbery. Following the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), attempted Hobbs Act robbery is no longer a "crime of violence" that can sustain a conviction under 18 U.S.C. § 924(c). Accordingly, we **VACATE** the District Court's conviction and sentence on Count One.

As to Count Two, the parties agree that the predicate crime of violence is a Violent Crimes in Aid of Racketeering ("VICAR") assault, although they dispute what type of VICAR assault the charged conduct describes. Applying the so-called "modified categorical approach" as we must, we first determine that the predicate crime is a

3

VICAR assault with a dangerous weapon premised on N.Y. Penal Law § 120.05(2) and perhaps also N.Y. Penal Law § 120.10(1). Based on our precedent, we then conclude that Count Two's predicate crime is a "crime of violence" that can sustain a conviction under 18 U.S.C. § 924(c). Accordingly, we **AFFIRM** the District Court's conviction and sentence as to Count Two, and **REMAND** the cause to the District Court in order for that Court to re-sentence Morris and thereafter enter an amended judgment consistent with this opinion.

Judge Lohier joins the opinion except as to footnote 9, and has filed a separate concurrence.

————

> CHRISTOPHER J. DIMASE (Won S. Shin, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

HOWARD A. LOCKER (Richard F. Albert, *on the brief*), Morvillo Abramowitz Grand Iason & Anello P.C., New York, NY, *for Defendant-Appellant*.

———————

JOSÉ A. CABRANES, *Circuit Judge*:

The question presented is whether we must vacate a defendant's convictions under 18 U.S.C. § 924(c)(1)(A) because neither is predicated on a "crime of violence."

In 2014, Defendant-Appellant Darren Morris pled guilty to (1) using, carrying, and possessing a firearm during an attempted armed robbery of suspected marijuana dealers ("Count One"); and (2) using, carrying, possessing, and discharging a firearm during an assault in aid of racketeering of an individual whom Morris shot and killed ("Count Two"). Both Counts were violations of 18 U.S.C. § 924(c)(1)(A), which requires that a defendant use, carry, or possess a firearm "during and in relation to" or "in furtherance of," as relevant

here, a "crime of violence." [1]  To sustain Morris's § 924(c) convictions,

each Count must contain a predicate "crime of violence."

Morris appeals from the judgment entered by the United States

District Court for the Southern District of New York (John F. Keenan,

*Judge*) sentencing him principally to 360-months' imprisonment.  He

---

[1] 18 U.S.C. § 924(c) provides in relevant part:

(1)(A) . . . [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

> (i) be sentenced to a term of imprisonment of not less than 5 years
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years. . . .

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . .

argues that neither count contains a predicate "crime of violence" necessary to sustain his § 924(c) convictions.[2]

As to Count One, the parties agree that the predicate crime of violence is attempted Hobbs Act robbery.[3]  Following the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), attempted Hobbs Act robbery is no longer a "crime of violence" that can sustain a conviction under 18 U.S.C. § 924(c). Accordingly, we **VACATE** the District Court's conviction and sentence on Count One.

---

[2] Section 924(c) "contain[s] two distinct conduct elements": (1) the use, carrying, or possession of a firearm and (2) the commission of an underlying "crime of violence" or "drug trafficking crime." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 280 (1999); *see id.* at 283 (Scalia, J., dissenting) ("[Section 924(c)] prohibits the act of using or carrying a firearm 'during' (and in relation to) a predicate offense."). The commission of a predicate crime is therefore necessary to sustain a conviction under § 924(c). *See Johnson v. United States*, 779 F.3d 125, 129–30 (2d Cir. 2015) ("The plain language of § 924(c) requires only that the predicate crime of violence . . . have been committed; the wording does not suggest that the defendant must be separately charged with that predicate crime and be convicted of it.").

[3] Attempted Hobbs Act robbery requires proof that "(1) [t]he defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end." *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022).

As to Count Two, the parties agree that the predicate crime of violence is a Violent Crimes in Aid of Racketeering ("VICAR") assault, although they dispute what type of VICAR assault the charged conduct describes.[4]  Applying the so-called "modified categorical approach" as we must, we first determine that the predicate crime is a VICAR assault with a dangerous weapon premised on N.Y. Penal Law § 120.05(2) and perhaps also N.Y. Penal Law § 120.10(1).  Based on our precedent, we then conclude that Count Two's predicate crime is a "crime of violence" that can sustain a conviction under 18 U.S.C. § 924(c).  Accordingly, we **AFFIRM** the District Court's conviction and sentence as to Count Two, and **REMAND** the cause to the District

---

[4] The VICAR statute, in relevant part, criminalizes "assaults with a dangerous weapon" and "assault[s] resulting in serious bodily injury" committed "as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity."  18 U.S.C. § 1959(a).  It also provides that the punishment "for assault with a dangerous weapon or assault resulting in serious bodily injury" is "imprisonment for not more than twenty years or a fine under this title, or both."  *Id.* § 1959(a)(3).

Court in order for that Court to re-sentence Morris and thereafter enter an amended judgment consistent with this opinion.

## I. BACKGROUND

On September 23, 2014, Morris pleaded guilty, pursuant to a written plea agreement, to a two-count Superseding Information charging him with (1) using, carrying, and possessing a firearm, during and in relation to an attempted Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count One); and (2) using, carrying, possessing, and discharging a firearm during and in relation to an assault in aid of racketeering, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), (c)(1)(C)(i) (Count Two).[5]  On December 16, 2015, the District Court imposed a sentence principally consisting of a total term of 360 months of imprisonment—a 60-month sentence on Count

---

[5] Both counts also contained a reference to 18 U.S.C. § 2, which provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission" or "willfully causes an act to be done which if directly performed by him or another would be an offense against the United States is punishable as a principal."

9

One and a 300-month sentence on Count Two, to run consecutively—

to be followed by a term of supervised release.  Shortly thereafter,

Morris timely filed a notice of appeal.

## II. DISCUSSION

A defendant can be convicted under 18 U.S.C. § 924(c) only if

"during and in relation to any *crime of violence* or drug trafficking

crime" he "use[d] or carrie[d] a firearm, or . . ., in furtherance of any

such crime, possesse[d] a firearm."  18 U.S.C. § 924(c)(1)(A) (emphasis

added).[6]  On appeal, Morris argues that we should vacate both of his

§ 924(c) convictions because each requires use of a firearm in relation

to a predicate crime of violence, and, as he contends, neither § 924(c)

predicate crime is a "crime of violence."[7]  Accordingly, the question

---

[6] A conviction for use, carrying, or possession of a firearm, Subsection 924(c)(1)(A)(i)—cited in Count One—requires imprisonment of not less than 5 years.  A conviction for discharge of a firearm, Subsection 924(c)(1)(A)(iii)—cited in Count Two—requires imprisonment of not less than 10 years.

[7] The Government does not argue that either of Morris's § 924(c) convictions is predicated on a "drug trafficking crime."  Accordingly, we consider here only

presented is whether either of the Counts is predicated on a "crime of violence" that can sustain a § 924(c) conviction. That question is one of law, which we review *de novo*. *See United States v. Santos*, 541 F.3d 63, 67 (2d Cir. 2008).

Section 924(c) "define[s] the term 'crime of violence' in two subparts—the first known as the elements clause, and the second the residual clause." *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019). Under the elements clause, a crime of violence is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Under the "residual clause," a crime of violence is a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B), *invalidated by Davis*, 139 S. Ct. at

---

whether the predicate offenses are "crime[s] of violence." *See* 18 U.S.C. § 924(c)(1)(A).

2336.  The Supreme Court has held that the residual clause is unconstitutionally vague.  *See Davis*, 139 S. Ct. at 2336.  Thus, we may only sustain Morris's § 924(c) convictions if they are predicated on a "crime of violence" under the elements clause.  *See* 18 U.S.C. § 924(c)(3)(A).

### A.        Count One

The first question presented is whether Count One is predicated on a crime of violence that can sustain Morris's conviction under § 924(c).  It is not.

Count One alleged that Morris used a firearm during the following predicate crime of violence: "the attempted armed robbery of suspected marijuana dealers of marijuana and marijuana proceeds in the vicinity of Ely Avenue in the Bronx, New York."  App'x 101. Although this charge did not specify that attempted Hobbs Act robbery was the predicate crime, the parties agree that it was.

Our analysis with regard to Count One is a simple one. As noted, Count One's § 924(c) predicate crime of violence is attempted Hobbs Act robbery. The Supreme Court held in *United States v. Taylor* that attempted Hobbs Act robbery does not qualify as a § 924(c) crime of violence because "no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force." 142 S. Ct. at 2021; *see also United States v. McCoy*, 58 F.4th 72, 73–74 (2d Cir. 2023). Accordingly, attempted Hobbs Act robbery can no longer serve as the predicate offense required for Morris's § 924(c) conviction.

In the absence of any alternative predicate to sustain conviction on Count One, we agree with Morris (and the Government) that vacatur of that conviction is warranted.

### B.　　　Count Two

The second question presented is whether Count Two is predicated on a crime of violence that can sustain Morris's conviction under § 924(c).  It is.

Count Two alleged that Morris discharged a firearm in furtherance of the following predicate crime of violence: "the assault in aid of racketeering of an individual, namely, Jordan Jones, . . . who was believed to have previously assaulted a criminal associate of Morris, in the vicinity of Monticello Avenue and Nereid Avenue, Bronx, New York."  App'x 101–02 (capitalization normalized).  Count Two, like Count One, omitted a citation to the criminal statute that served as a predicate offense for imposition of criminal liability under § 924(c).  *See id*.  Notwithstanding the absence of an express citation,

the parties agree that Morris's Count Two conviction was predicated on a violation of the VICAR statute, 18 U.S.C. § 1959(a)(3).[8]

"To determine whether an offense is a crime of violence under the elements clause, courts employ what has come to be known as the 'categorical approach.'" *United States v. Pastore*, 36 F.4th 423, 428 (2d Cir. 2022) (internal quotation marks and citation omitted). "Under this approach, we do not consider the particular facts before us; rather, we identify the minimum criminal conduct necessary for conviction under a particular statute by looking only to the statutory definitions—i.e., the elements—of the offense." *Id.* (internal quotation marks, alterations, and citation omitted). "We then evaluate whether this minimum conduct falls within the definition of a crime of violence under [S]ection 924(c)(3)(A)." *Id.* (internal quotation marks and citation omitted).

---

[8] *See ante* note 4 (providing the relevant § 1959(a)(3) statutory language).

We employ what is known as the "modified categorical approach," as opposed to the "categorical approach," where a statute is "divisible" because it "sets out one or more elements of the offense in the alternative," *Descamps v. United States*, 570 U.S. 254, 257 (2013), and "thereby define[s] multiple crimes." *Pastore*, 36 F.4th at 428. The VICAR statute is such a statute because it defines, as relevant here, two types of VICAR assault: VICAR assault with a deadly weapon ("VICAR Assault DW") and VICAR assault resulting in serious bodily injury ("VICAR Assault SBI"). *See* 18 U.S.C. § 1959(a). We thus apply the "modified categorical approach" to determine which VICAR assault variant underlies Morris's § 924(c) conviction.[9] To aid in our

---

[9] Both the categorical and "modified" categorical approaches, as the Supreme Court has explained, "preclude[] . . . inquiry into how any particular defendant may commit the crime" and require us to determine only "whether the . . . felony at issue always requires the government to prove" that a predicate crime is a "crime of violence." *Taylor*, 142 S. Ct. at 2020.

Accordingly, when considering whether Morris's Count Two conviction under § 924(c) is predicated on a "crime of violence," we cannot merely rely on Morris's own admission that he "shot Jordan Jones," who then "died." App'x 125. Instead, we must apply the "modified categorical approach," described above and below in text and depicted in the attached appendix. We add this appendix as an

analysis, "we may review a limited class of documents from the record of conviction to determine what crime, with what elements," serves as the predicate crime of violence. *Pastore*, 36 F.4th at 428 (internal quotation marks omitted); *see Shepard v. United States*, 544 U.S. 13, 26 (2005). Then, once we have identified the predicate crime, we "compare the elements of the [predicate] offense . . . with section 924(c)(3)(A)'s definition of a crime of violence." *Pastore*, 36 F.4th at 428 (internal quotation marks omitted).

---

aid to help explain to "any layperson with common sense," *United States v. Scott*, 990 F.3d 94, 125 (2d Cir. 2021) (en banc) (Park, J., concurring), that our lengthy analysis and conclusion in this opinion comport with what that person already knows: an obviously violent crime is indeed a "crime of violence."

That our analysis and appendix are necessary to answer such an obvious question is further proof why our journey here has been regarded as Alice's "journey Through the Looking Glass," *Taylor*, 142 S. Ct. at 2026 (Thomas, J., dissenting), and Sabine Moreau's 900-mile journey to a train station roughly 38 miles away, *Mathis v. United States*, 579 U.S. 500, 536–37 (2016) (Alito, J., dissenting). A growing number of federal judges do not wish to continue on this journey. *See Scott*, 990 F.3d at 125–27 (Park, J., concurring) (collecting cases). We have noted that Congress can give us an exit ramp at any time. *See, e.g.*, *Chery v. Garland*, 16 F.4th 980, 989–92 (2d Cir. 2021) (Newman, Cabranes, & Parker, JJ.) (proposing, in the immigration law context, a legislative solution that would "avoid use of the complicated categorical approach"); *see also Ovalles v. United States*, 905 F.3d 1231, 1253 (11th Cir. 2018) (en banc) (Pryor, J., concurring).

Consistent with that framework, the first step in our analysis is to determine which VICAR assault variant is the predicate crime of violence underlying Morris's Count Two conviction under § 924(c). Because either VICAR assault variant must be committed "in violation of the laws of any State or the United States," our second step is to determine which of those laws Morris violated during the commission of the specific VICAR assault identified at Step One. Our third and final step is to determine whether the committed VICAR assault, premised on a violation of the relevant state or federal law identified at Step Two, is a "crime of violence" under § 924(c)'s elements clause.

## 1. Step One

The first step in our analysis is to determine which specific VICAR assault offense is the predicate crime of violence underlying Morris's Count Two conviction. But, as noted, the VICAR statute specifies two types of VICAR assault—VICAR Assault DW and

VICAR Assault SBI.[10]  Accordingly, under the modified categorical approach, we must first determine which VICAR assault—Assault DW or Assault SBI—is the predicate crime.

Although Morris objects that "the relevant *Shepard* documents do not specify which form of VICAR assault [he] was convicted of," Def. Nov. 28 Letter at 2, we can easily conclude that Count Two is predicated on a VICAR Assault DW.  This is because Count Two expressly alleged that "in furtherance of such crime, [Morris] did possess a *firearm*, . . . to wit, a *handgun*, which was discharged" and omits reference to any serious bodily injury.  App'x 102 (emphasis added).  As its name suggests, VICAR Assault SBI requires an "assault resulting in a serious bodily injury."  18 U.S.C. § 1959(a)(3).  Under *Shepard*, we may consider the "transcript of [the] colloquy between [the] judge and defendant in which the factual basis for the plea was

---

[10] *See ante* note 4 (providing relevant § 1959(a)(3) statutory language).

confirmed by the defendant." 544 U.S. at 26. Here, the transcript referred to the fact that a victim died. However, Count Two's omission of any reference to "serious bodily injury" precludes a finding that Count Two is predicated on VICAR Assault SBI. The only type of VICAR Assault left—"assault with a dangerous weapon"—fits the charged conduct, as a handgun is undoubtedly a "dangerous weapon."

## 2. Step Two

VICAR Assault DW is itself further divisible into multiple crimes. Among the elements of VICAR Assault DW is that the "assault[] with a dangerous weapon" must be done "in violation of the laws of any State or the United States." 18 U.S.C. § 1959(a). Therefore, VICAR Assault DW could *itself* be predicated on any number of federal or state crimes. Because the modified categorical approach requires that we identify the *specific* predicate crime supporting a § 924(c) conviction, the second step in our analysis is to determine

which "laws of any State or the United States" Morris violated during the VICAR Assault DW.

During his plea colloquy before the District Court, Morris admitted to having "possessed a firearm for the purpose of assaulting Jordan Jones"; "agree[ing] to shoot Jordan to maintain [his] standing in a group of individuals who had committed crimes together"; and "sh[ooting] Jordan Jones on July 6, 2009," after which Jones died. App'x 124–25. Based on the "record materials," *Mathis*, 579 U.S. at 517, we conclude that Morris's assault violated at least N.Y. Penal Law § 120.05(2) ("A person is guilty of assault in the second degree when . . . [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument."), and perhaps also N.Y. Penal Law § 120.10(1) ("A person is guilty of assault in the first degree when. . . [w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by

means of a deadly weapon or a dangerous instrument."), even though the latter requires an intent to cause "serious physical injury" that was not charged in this case.[11]

VICAR Assault DW premised on a violation of either N.Y. Penal Law § 120.05(2) or N.Y. Penal Law § 120.10(1) is not further divisible into multiple or alternate crimes.  We have thus identified "from among several alternatives [] the [predicate] crime [of violence supporting Morris's § 924(c)] conviction," *Descamps*, 570 U.S. at 264: VICAR Assault DW premised on a violation of N.Y. Penal Law § 120.05(2) and perhaps also N.Y. Penal Law § 120.10(1).  All that is left to do is "compare the elements of the offense of conviction with

---

[11] Because each of these New York assault statutes requires that the defendant "inten[d]" to cause "physical injury," each requires a *mens rea* of purpose.  We therefore need not address Morris's argument that "one *can* commit assault with a *mens rea* short of intent and without violent physical force."  Morris Br. at 18 (first emphasis added).

[S]ection 924(c)(3)(A)'s definition of a crime of violence." *Pastore*, 36 F.4th at 428 (internal quotation marks and citation omitted).

### 3. Step Three

Accordingly, the third and final step in our analysis is to determine whether VICAR Assault DW premised on a violation of either N.Y. Penal Law § 120.05(2) or N.Y. Penal Law § 120.10(1) is a "crime of violence" under § 924(c)'s elements clause. We conclude that it is.

We have already held that VICAR Assault DW premised on a violation of N.Y. Penal Law § 120.05(2) can sustain a conviction under § 924(c). *See United States v. Laurent*, 33 F.4th 63, 92 (2d Cir. 2022); *United States v. White*, 7 F.4th 90, 104 & n.75 (2d Cir. 2021). As noted, it is not entirely clear that the VICAR Assault DW in this case can be premised on N.Y. Penal Law § 120.10(1) given the absence of any reference to serious bodily injury in Count Two. We nevertheless consider the open question of whether a VICAR Assault DW premised

on a violation of N.Y. Penal Law § 120.10(1) in the § 924(c) context is a crime of violence.  We have held that it is a "crime of violence" under the 18 U.S.C. § 16(a) elements clause, which is in all relevant aspects identical to the § 924(c) elements clause.  *See Singh v. Garland*, 58 F.4th 34, 36–37 (2d Cir. 2022); *Davis*, 139 S. Ct. at 2326.[12]  It follows, and we hold, that VICAR Assault DW premised on a violation of N.Y. Penal Law § 120.10(1) is a crime of violence that supports a conviction under § 924(c).  Accordingly, we sustain Morris's Count Two conviction.

## III. CONCLUSION

In sum, we hold as follows:

1.  Morris's § 924(c) conviction on Count One is vacated because

    attempted Hobbs Act robbery is not a valid predicate crime

---

[12] Both 18 U.S.C. § 16(a) and § 924(c) provide, in relevant part, that the "term 'crime of violence' means . . . an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. §§ 16(a), 924(c)(3)(A).

24

of violence that would support a conviction under § 924(c). *See United States v. Taylor*, 142 S. Ct. 2015 (2022).

2. Morris's § 924(c) conviction on Count Two is sustained because, after applying the modified categorical approach prescribed by the Supreme Court, we conclude that the predicate crime of violence—VICAR assault with a dangerous weapon premised on a violation of N.Y. Penal Law § 120.05(2) and perhaps also N.Y. Penal Law § 120.10(1)—qualifies as a crime of violence that supports a conviction under § 924(c).

We have considered all of Morris's remaining arguments and find them to be without merit. Accordingly, we **VACATE** the District Court's conviction and sentence as to Count One, **AFFIRM** the District Court's conviction and sentence as to Count Two, and **REMAND** the cause to the District Court in order for that Court to re-sentence Morris

and thereafter enter an amended judgment consistent with this opinion.

# APPENDIX

**VICAR Assault**

**STEP 1:** VICAR Assault is divisible under the modified categorical approach into VICAR Assault Deadly Weapon ("DW") and VICAR Assault Serious Bodily Injury ("SBI"). We therefore need to determine which type of VICAR assault Morris committed.

**VICAR Assault DW**

**STEP 2:** An element of VICAR Assault DW is that the assault violated state or federal law. Accordingly, VICAR Assault DW is further divisible under the modified categorical approach because any number of state or federal laws could satisfy that element. We therefore need to determine which state or federal law Morris violated during the course of the assault.

**VICAR Assault SBI**

Based on the charging documents, it is clear that VICAR Assault DW was the VICAR Assault variant Morris committed, not VICAR Assault SBI.

N.Y. Penal Law § 120.10(1)

N.Y. Penal Law § 120.05(2)

**STEP 3:** Finally, we must determine whether VICAR Assault DW, premised on a violation of either of these N.Y. statutes, is a "crime of violence" under the elements clause. Based on precedent, both are. Accordingly, both can sustain a § 924(c) conviction.