LOHIER, *Circuit Judge*, concurring:

I join the majority opinion except as to footnote 9. I agree that the categorical approach is complicated, and I sympathize with the concerns of my judicial colleagues who have called for its reform or total elimination. But there is some wisdom in the current system.

First, despite its complicated nature, "[t]he categorical approach serves 'practical' purposes: It promotes judicial and administrative efficiency by precluding the relitigation of past convictions in minitrials conducted long after the fact." *Moncreiffe v. Holder*, 569 U.S. 184, 200–01 (2013). "Immigration judges and sentencing judges have limited time and limited access to information about prior convictions." *Pereida v. Wilkinson*, 141 S. Ct. 754, 771 (2021) (Breyer, J., dissenting). Without the categorical approach, judges would be burdened with difficult fact-finding inquiries into years-old proceedings. This is a particular danger in our Circuit because courts in Connecticut need not establish any "factual basis for a guilty plea," *State v. Greene*, 874 A.2d 750, 762 (Conn. 2005), and defendants in New York may enter a guilty plea pursuant to a plea bargain without any factual basis existing for the plea, *People v. Favreau*, 105 N.Y.S.3d 721, 723 (3d Dep't 2019).

1

Second, the categorical approach is more protective of defendants at sentencing. It avoids notice-based due process concerns that might proliferate if a federal judge could characterize "a crime as a violent one . . . based only on a years-later review of a defendant's conduct that is, in turn, based only on agreed-upon facts that were adduced at, say, a plea colloquy." *United States v. Faust*, 853 F.3d 39, 64 (1st Cir. 2017) (Barron, J., concurring). And it ensures that defendants' Sixth Amendment rights are vindicated. *Id.* at 50 (citing *Descamps v. United States*, 570 U.S. 254, 269 (2013)). None of the decisions cited by the majority offers or describes a better system or approach that does so.

Finally and "most importantly, . . . it is what Congress has long chosen with respect to" the Armed Career Criminal Act. *Pereida*, 141 S. Ct. at 771 (Breyer, J., dissenting). So "whatever the costs and benefits of the categorical approach," *id.*, we are bound to follow it.

For these reasons I concur in the majority's opinion except as to footnote 9.